IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JANE DOE,

    Plaintiff,

    v.                                                         Civ No. 21-422 MV/JFR

BOARD OF EDUCATION OF THE PECOS
INDEPENDENT SCHOOL DISTRICT et al.,

    Defendants.

### ORDER GRANTING PLAINTIFF'S DISCOVERY MOTION AND SETTING LIMITATIONS ON REVIEW OF SUBJECT MATERIAL

**THIS MATTER** is before the Court on Plaintiff's *Motion to Compel the Court's Approval of Expert Review of Confidential Images in the Possession of the New Mexico Department of Public Safety and Determination of What, if any, Notice Should be Provided to Non-Parties* ("Motion"), filed August 15, 2023. Doc. 86. Defendant Joshua Rico responded to the Motion on September 14, 2023, and Defendants Michael Lister, Fred Trujillo, and Board of Education of the Pecos Independent School District joined that response. Docs. 94, 95, 96. The Court conducted a hearing on the Motion on October 30, 2023. Having reviewed the pleadings and heard the arguments of counsel, and being otherwise sufficiently advised, the Court finds the Motion is well-taken and is thereby **GRANTED** subject to the limitations and instructions set forth below.[1]

---

[1] The parties disagree about whether the existing protective order in this case (Doc. 56) will adequately ensure the privacy rights of nonparties whose images may be viewed by expert witnesses. Docs. 86 at 11; 94 at 10; 100 at 5-6. The Court agrees with Defendants that the current protective order is not broad enough to encompass the material at issue in the instant Motion and accepts Plaintiff's concession that modification may be necessary. Therefore, the Court sets forth limitations and instructions in this Order that will govern the manner in which expert witnesses may review the subject matter.

## BACKGROUND

Plaintiff issued a subpoena to the New Mexico Department of Public Safety ("DPS") seeking to obtain information in the custody of DPS related to the New Mexico State Police Department's criminal investigation of Defendant Rico, excepting pornographic images of Plaintiff and other minor victims.  Doc. 86 at 2.  DPS complied with the subpoena and did not turn over the contents of images, videos, and other material obtained from electronic devices which may constitute child pornography.  *Id.* at 2-3.  Plaintiff, with the cooperation of DPS's legal counsel and Defendants, sought a mechanism to permit her expert and an expert designated by Defendants to review the images in the custody of DPS.  *Id.* at 3.  Defendants indicated their initial agreement to this course of action, but subsequently withdrew their cooperation.  *Id.* at 3-4; Doc. 94 at 4-6.  As relevant here, Plaintiff seeks to have her expert witness review some 38,000 images that are in the custody of DPS.  Doc. 86 at 1, 6.  Some of these images contain sensitive material, including child pornography, and were extracted from Defendant Rico's phone by law enforcement during its criminal investigation of him, and some contain other minors who are not Plaintiff.  *Id.* at 2-3, 6.  DPS does not oppose Plaintiff's discovery request and has indicated that it will make these images available to the parties' expert witnesses to review once the Court has entered an order setting the contours of such review.  *Id.* at 7.

According to Defendants, they ceased cooperation with Plaintiff and DPS once they "learned . . . the scope of such review," because "the images of only Plaintiff and [Defendant] Rico could and/or would not be isolated for the expert review."  Doc. 94 at 6.  Defendants now oppose expert review of the images sought by Plaintiff, stating "there is no need for examination of . . . any imagery at this juncture."  Doc. 94 at 7.  Defendants note that Plaintiff served a

subpoena on the United States Department of Justice ("DOJ")[2] seeking materials in this case that went largely unanswered. *Id.* at 6; Doc. 94-1. Defendants further express concern over the images that may not contain Plaintiff, stating that "it will be important as to how to protect other minors, not a party to this litigation, from any action that may have a negative impact on them, or retraumatize them in any manner." Doc. 94 at 10. Defendants acknowledge that Plaintiff is not requesting the Court compel discovery material from them. *Id.*

Plaintiff replies to Defendants' opposition by noting that Defendants never moved to quash her subpoenas[3] to DOJ or DPS and themselves conversed with counsel for DPS regarding the best approach for making sensitive material available for review. Doc. 100 at 1-2. Plaintiff highlights the fact that DPS has indicated the circumstances of this case and the way data was collected make it nearly impossible to isolate images of Plaintiff from those of other minors. *Id.* at 5; Doc. 100-1 at 3. It is Plaintiff's position that the review of the images by her expert is relevant to the heart of her claims in this case—how Defendant Rico committed his crimes.[4] Doc. 100 at 5.

---

[2] It appears Plaintiff's subpoena was served upon the Federal Bureau of Investigation and DOJ responded. For simplicity, the Court's discussion of this subpoena throughout this Order references DOJ.

[3] The Court notes that "[g]enerally, only the party or person to whom the subpoena is directed has standing to move to quash or otherwise object to a subpoena." *S.E.C. v. Goldstone*, 301 F.R.D. 593, 646 (D.N.M. 2014) (internal quotation marks and citation omitted). "Absent a claim of privilege, a party has no standing to challenge a subpoena to a nonparty. The exception to this rule is that a party has standing to move to quash a subpoena addressed to another if the subpoena infringes upon the movant's legitimate interests." *Id.* (alteration, internal quotation marks, and citations omitted). Even still, the Court remains cognizant that, as it related to the instant Motion, Defendants have not identified any privilege or interest of their own that would be grounds to limit Plaintiff's access to the material at issue.

[4] Defendant Rico pleaded guilty to five counts of coercion and enticement of an individual under the age of 18, contrary to 18 U.S.C. § 2422(b), in the United States District Court for the District of New Mexico, Case Number 21-CR-653 JB.

## ANALYSIS

The Federal Rules of Civil Procedure were devised to provide for "liberal" pretrial discovery. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34 (1984). The liberality of the Rules applies to discovery sought from third parties, which, according to the Supreme Court, "often allow[s] extensive intrusion into the affairs of both litigants and third parties." *Id.* at 30. This discovery is not limitless, however, and the Court has the authority to define its contours through a protective order under Fed. R. Civ. P. 26(c): "Liberal discovery is provided for the sole purpose of assisting in the preparation and trial, or the settlement, of litigated disputes. . . . [I]t is necessary for the trial court to have the authority to issue protective orders conferred by Rule 26(c)." *Seattle Times*, 467 U.S. at 34. While 18 U.S.C. § 3509(m)[5] governs the handling of child pornography in criminal matters and provides for the review of such materials in a government facility by expert witnesses, there appears to be no federal statute that speaks to the procedure for discovery containing pornographic material of minor in a civil case. *See B.L. v.*

---

[5] The statute reads as follows:

(m) Prohibition on reproduction of child pornography.--

(1) In any criminal proceeding, any property or material that constitutes child pornography (as defined by section 2256 of this title) shall remain in the care, custody, and control of either the Government or the court.

(2)(A) Notwithstanding Rule 16 of the Federal Rules of Criminal Procedure, a court shall deny, in any criminal proceeding, any request by the defendant to copy, photograph, duplicate, or otherwise reproduce any property or material that constitutes child pornography (as defined by section 2256 of this title), so long as the Government makes the property or material reasonably available to the defendant.

(B) For the purposes of subparagraph (A), property or material shall be deemed to be reasonably available to the defendant if the Government provides ample opportunity for inspection, viewing, and examination at a Government facility of the property or material by the defendant, his or her attorney, and any individual the defendant may seek to qualify to furnish expert testimony at trial.

(3) In any criminal proceeding, a victim, as defined under section 2259(c)(4), shall have reasonable access to any property or material that constitutes child pornography, as defined under section 2256(8), depicting the victim, for inspection, viewing, and examination at a Government facility or court, by the victim, his or her attorney, and any individual the victim may seek to qualify to furnish expert testimony, but under no circumstances may such child pornography be copied, photographed, duplicated, or otherwise reproduced. Such property or material may be redacted to protect the privacy of third parties.

*Louisville Metro Police Dep't*, No. 18-CV-151, 2020 WL 9396448, at *1 (W.D. Ky. Oct. 21, 2020).  However, victims of child pornography must be able to engage in meaningful discovery in civil litigation.  *Cf. Doe #1 v. MG Freesites, LTD*, No. 21-CV-220, 2023 WL 5313081, at *1 (N.D. Ala. Aug. 17, 2023).

With these principles in mind, though Plaintiff's Motion is styled as one to compel, the Court observes that Plaintiff is not seeking to compel the production of discovery material from Defendants, a point Defendants press and Plaintiff concedes.  Docs. 94 at 6-7; 100 at 2.  Plaintiff is actually seeking a protective order that defines how DPS can make material available to her.  Though Defendants formally oppose Plaintiff's Motion, the basis of their opposition is unclear.  The Court understands Defendants to argue that (1) the images at issue, or most of them, are not relevant; (2) Plaintiff should be denied this discovery because DOJ did not provide much of the material sought through her subpoena; and (3) the privacy rights of other minors are not adequately protected.  Doc. 94 at 6-8, 10-11.

Defendants' first argument is based on lack of relevance and overbreadth of —though this argument has not been clearly advanced aside from the statement that viewing of the images by experts is unnecessary.  *Id.* at 7-8.  This matter is squarely within the Court's discretion.  *See In re Cooper Tire & Rubber Co.*, 568 F.3d 1180, 1189 (10th Cir. 2009) ("When the district court does intervene in discovery, it has discretion in determining what the scope of discovery should be.").  The Court is cognizant that the number of images to be reviewed by experts in this case is high, but the Court also understands that DPS may encounter difficulty separating images or videos of Plaintiff from those of other minors.  *See* Doc. 100-1 at 3.  The Court further notes that Defendant Board of Education of the Pecos Independent School District *itself* issued a subpoena to DPS directing it "to provide certain files and images."  Doc. 86-1 at 2.  So, it appears that

Defendants believe at least some of the information in the possession of DPS is relevant to this action.  And in the absence of any developed argument to the contrary, the Court finds the discovery sought is relevant to the subject matter of this case.

Defendants' argument that allowing Plaintiff's expert to view the images "would run afoul of the response from [DOJ] sent to Plaintiff's counsel, and would certainly be violative of the intent of the federal statutory authority cited by the government in its letter" is similarly unpersuasive.  Defendants direct the Court to a portion of DOJ's response to Plaintiff's subpoena, wherein DOJ cited three statutes and a rule of criminal procedure.  Doc. 94-1 at 2.  While this authority may be material to DOJ's response to Plaintiff's subpoena and the way that office handled the criminal case against Defendant Rico, they do not aid Defendants here.  5 U.S.C. § 552a(b) is applicable to agencies of the federal government.  18 U.S.C. §§ 3509, 3771 speak to the government's responsibilities to victims in criminal prosecutions.  And the Federal Rules of Criminal Procedure do not apply to civil cases.  *See* Fed. R. Crim. P. 1(a)(1).  Moreover, even if Defendants could demonstrate that this authority is somehow applicable here, their argument still falls short.  The information Plaintiff sought from DOJ via subpoena was disclosed to her by DPS.  And in both instances, Plaintiff excepted images of child pornography from her request.  Doc. 86 at 2.  So, DOJ's compliance, or lack thereof, with Plaintiff's subpoena and its reasons for the same are irrelevant—they are not the subject of the instant Motion, and DPS has demonstrated its willingness to make the subject matter available for viewing by the parties' experts subject to protections put in place by the Court.[6]

---

[6] The Court notes that at least two district courts have grappled with the appropriate way to handle sensitive images in civil discovery.  Both of those courts, however, did not have the opportunity to rule on the review of sensitive images, but ensured that such material remained in the custody of law enforcement for the purposes of eventual review.  *See Doe #1*, 2023 WL 5313081, at *6 (ordering the state attorney general's office to hold images of child sexual abuse and reserving ruling on review by the parties); *B.L.*, 2020 WL 9396448, at *3 (ordering the preservation of material containing child pornography and permitting the parties to file pleadings advising the court of a course of action for its disclosure).

In their pleadings, the parties seem to agree that notice to minors who are not Plaintiff but who may appear in certain images should not be required, albeit for different reasons.  Docs. 86 at 11; 94 at 7-8, 11; 100 at 6-7.  Specifically, Plaintiff does not believe notice is necessary because the privacy rights of these individuals can be sufficiently protected through limitations imposed by the Court.  Doc. 86 at 11; 100 at 6-7.  Defendants, on the other hand, appear to think notice is unnecessary because these images should not be viewed.[7]  Doc. 94 at 7-8, 11.  To the extent Defendants express concern over the privacy rights of the minors who are not Plaintiff and appear in certain images, the Court remains unpersuaded.  Defendants, specifically Defendant Rico, certainly have the ability to assert their legal rights in this proceeding, but they do not have the ability to seek relief based on the rights of others, and they have not shown that any exception to this principle is at play here.  *See Collins v. Daniels*, 916 F.3d 1302, 1313 (10th Cir. 2019).  In this same vein, the Court appreciates the need to avoid unduly invading the privacy of the other minors depicted in these images.  *See Doe #1*, 2023 WL 5313081, at *7 (recognizing the need to protect personal identifying information of nonparties depicted in child pornography).  For this reason, the Court orders that personal identifying information be protected, as outlined fully below.

Finally, the Court takes guidance from 18 U.S.C. § 3509(m), which unequivocally provides for access to review child pornography by defendants and their expert witnesses in criminal proceedings, provided such inspection occurs in a government facility, and prohibits the reproduction of such material in any form.  The Court notes that the statute also provides that the

---

[7] In their pleading, they ask the Court to consider "the protection needed for the other Jane Does in the criminal indictment and other minors, as no contact should be made as to them."  Doc. 94 at 11.  At the hearing, Defendants stated nonparties should "not be trampled" and that they have privacy rights pursuant to the federal statutes mentioned at page 6, *infra*.  Liberty—ABQ – Pecos, 10-30-2023 at 2:36:02-2:36:47.  Defendants have offered no position as to notice should the Court afford Plaintiff the requested relief.

material *may* be redacted to protect the privacy of third parties, but that such redaction is not required.  18 U.S.C. § 3509(m)(3).  The Court has used the provisions of this statute, outlined in its entirety above, to inform the dictates that follow.

The Court **HEREBY ORDERS** that Plaintiff's Motion is **GRANTED** subject to the following limitations and instructions:

(1) The parties' designated expert witnesses shall be granted access to review the images at issue in the custody of DPS by appointment at the New Mexico Regional Computer Forensics Laboratory.

(2) No image may be copied or otherwise reproduced in any manner.  A representative of DPS may remain with the experts at all times during review to ensure this requirement is met.

(3) To the extent individuals who are not Plaintiff can be identified in any image, DPS shall take all steps necessary to ensure their identities are not disclosed to the experts.  Moreover, the names of the other minors, which may be known to the parties, shall not be disclosed to the experts by the parties.  It is the responsibility of DPS and the parties to make sure this provision is strictly adhered to.

(4) Because the experts shall not be privy to any identifiers of the minors who are not Plaintiff, notice to individuals that their images may be viewed by the expert witnesses in this case is not required.

(5) Any expert report prepared in this case shall not make reference in any form to any type of feature, characteristic, or other trait, whether with respect to the subject matter viewed or the individuals therein, which may compromise the privacy or otherwise reveal the identity of any minor individual who is not Plaintiff.

## CONCLUSION

Plaintiff's Motion is **GRANTED** subject to the provisions of this Order.

**IT IS SO ORDERED.**

_____
**JOHN F. ROBBENHAAR**
United States Magistrate Judge